UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSUE DELISER,

          Plaintiff,
                     9:13-CV-0803
v.                      (GTS/DEP)

J. MILLER, Corr. Lt., Clinton Corr. Facility,

          Defendant.
_____

APPEARANCES:                OF COUNSEL:

JOSUE DELISER, 09-A-3970
 Pro Se Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN        MELISSA A. LATINO, ESQ.
Attorney General for the State of New York    Assistant Attorney General
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

    Currently before the Court, in this *pro se* prisoner civil rights action filed by Josue Deliser ("Plaintiff") against the above-captioned New York State correctional employee ("Defendant"), are Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim, and United States Magistrate Judge David E. Peebles' Report-Recommendation of July 7, 2014, recommending that Defendant's motion be granted unless, within thirty (30) days of the date of an Order adopting the Report-Recommendation, Plaintiff submits to the Court and Defendant's counsel a written notification of his abandonment, for all time, of any claim associated with the duration of his confinement arising from the disciplinary proceeding

conducted by Defendant (hereinafter a "*Peralta* waver"). (Dkt. Nos. 14, 21.)[1] Plaintiff has not filed an Objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

On July 7, 2014, the Report-Recommendation was mailed to Plaintiff at his then-current address of record, Upstate Correctional Facility. (Dkt. No. 21.) On July 9, 2014, the Report-Recommendation arrived at Upstate Correctional Facility, and the Mail & Supply Clerk sent a letter to the Court notifying it that Plaintiff was "temporarily absent from this facility and may not return in the immediate future." (Dkt. No. 22.) On August 21, 2014, Plaintiff filed a Notice of Change of Address, advising that his new address was Clinton Correctional Facility. (Dkt. No. 23.)[2]

Local Rule 10.1 of the Local Rules of Practice for this Court provides that "**[a]ll . . . *pro se* litigants must immediately notify the Court of any change of address**." N.D.N.Y. L.R. 10.1(c)(2) (emphasis in original).[3] In addition, in the Court's Decision and Order of September 12, 2013, the Court specifically directed Plaintiff "**to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in Plaintiff's address**." (Dkt. No. 8, at

---

[1] Plaintiff asserts a Fourteenth Amendment due process claim against Defendant arising from a disciplinary hearing in which he found Plaintiff guilty of possessing a weapon and promoting prison contraband and sentenced Plaintiff to a 12-month confinement in a Special Housing Unit and a three-month loss of good-time credits. (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

[2] In a separate document, Plaintiff advised the Court that he had arrived at Clinton Correctional Facility on August 19, 2014. (Dkt. No. 24, at 1.)

[3] The Court notes that a courtesy copy of the Court's Local Rules of Practice are on file at all of the New York State correctional facilities at which Plaintiff has been incarcerated.

10 [emphasis in original].) Based on the fact that at least 43 days elapsed between his departure from Upstate Correctional Facility and his mailing of his Notice of Change of Address, the Court finds that Plaintiff did not *immediately* notify the Court of his change of address. (At the very least, Plaintiff could have notified the Court that Upstate Correctional Facility would no longer be his current address.) Furthermore, the Court finds that this delay was material in that, had Plaintiff promptly notified the Court of his change of address, the Court would have re-served the Report-Recommendation on him and extended the Objection deadline, which was July 24, 2014. *See* Fed. R. Civ. P. 72(a); N.D.N.Y. L.R. 72.1(b); Fed. R. Civ. P. 6(a)(1)(B); Fed. R. Civ. P. 6(d). Finally, the Court finds that this delay was prejudicial in that some two months have elapsed from the filing of the Report-Recommendation in a case that is some fifteen months old. For all these reasons, the Court declines to *nunc pro tunc* extend the Objection deadline, as a sanction against Plaintiff (pursuant to Fed. R. Civ. P. 16[f][1][C]) for violating an Order of the Court.

Where, as here, *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Peebles employed the proper standards,

3

accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 21.) The Court would add only that it would reach the same conclusion even if it were to subject the Report-Recommendation to a *de novo* review. Should Plaintiff challenge the merits of the Report-Recommendation in a timely motion for reconsideration of this Decision and Order, the Court will subject the Report-Recommendation to another *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 21) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 14) is **GRANTED unless**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff submits a *Peralta* waiver notifying the Court and Defendant's counsel of his decision to abandon, for all time, any claim associated with the duration of his confinement arising from the disciplinary proceeding conducted by Defendant; and it is further

**ORDERED** that, in the event Plaintiff submits a *Peralta* waiver, he is precluded from seeking compensatory damages in this action; and it is further

**ORDERED** that the Clerk of the Court is directed to re-serve on Plaintiff a copy of Magistrate Judge Peebles' Report-Recommendation of July 7, 2014, along with a copy of this Decision and Order.

Dated: September 15, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge