IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOSUE DELISER,

                       Plaintiff,         Civil Action No.
                                             9:13-CV-0803 (GTS/DEP)

   v.

J. MILLER,

                       Defendant.
_____

APPEARANCES:                               OF COUNSEL:

FOR PLAINTIFF:

JOSUE DELISER, *Pro Se*
09-A-3970
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

FOR DEFENDANT:

HON. ERIC T. SCHNEIDERMAN        MELISSA A. LATINO, ESQ.
New York State Attorney General      Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Josue Deliser, a New York State prison inmate, has commenced this action against Lt. J. Miller, an individual employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), pursuant to 42 U.S.C. § 1983, alleging that the defendant deprived him of his civil rights. In his complaint, plaintiff alleges that defendant Miller denied him procedural due process at a disciplinary hearing over which the defendant presided by, *inter alia*, refusing to permit plaintiff's witnesses to testify on his behalf.

During the course of pretrial discovery, plaintiff failed to follow a court order requiring him to appear at a properly noticed deposition. Based upon plaintiff's conduct, defendant now seeks dismissal of his complaint pursuant to Rule 41 of the Federal Rules of Civil Procedure. Plaintiff has not responded to the defendant's motion. For the reasons set forth below, I recommend that defendant's motion be granted.

## I. BACKGROUND

Plaintiff, a New York State prison inmate currently being held in the custody of the DOCCS, was involved in a physical altercation with two other inmates on March 12, 2011, at the Clinton Correctional Facility ("Clinton"), located in Dannemora, New York. Dkt. No. 1 at 5. Following the incident,

plaintiff was issued a misbehavior report in which a corrections officer who witnessed the altercation accused plaintiff of possessing a weapon—an accusation which plaintiff denies—as well as violating other prison rules. *Id.* at 5, 12. Plaintiff alleges that at a disciplinary hearing held to address those charges, defendant J. Miller, a corrections lieutenant at Clinton who presided over the proceeding, failed to permit any of plaintiff's witnesses to testify and told plaintiff that, "no matter what he said or who he wanted to call as witnesses, plaintiff was not going to win[.]" *Id.* at 6. As a result of the hearing, plaintiff was sentenced to serve eleven months in the prison's special housing unit ("SHU").[1] *Id.* at 5.

## II. PROCEDURAL HISTORY

Plaintiff commenced the instant action by the filing of a complaint and application to proceed *in forma pauperis* ("IFP") in the Western District of New York on June 4, 2013. *See generally* Dkt. No. 1. By order of Chief District Judge Richard J. Acara, the action was transferred to this district on July 1, 2013. Dkt. No. 6.

In his complaint, plaintiff named Corrections Officer Eric R. Nolette, Corrections Sergeant Donald G. Wood, Corrections Lieutenant J. Miller, all

---

[1] Plaintiff was subsequently charged in a state court with criminal possession of a weapon and promotion of prison contraband. Dkt. No. 1 at 5-6, 13-14. He was ultimately acquitted of those charges. Dkt. No. 1 at 6.

3

three of whom are DOCCS employees stationed at Clinton, as defendants and asserts causes of action against defendant Nolette for falsifying the misbehavior report, and against defendant Miller, for denial of due process.[2] *See generally* Dkt. No. 1.

Following the court's initial review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, Chief District Judge Glenn T. Suddaby granted plaintiff's motion to proceed IFP and dismissed plaintiff's claims against defendants Nolette and Wood, leaving intact only the due process cause of action asserted against defendant Miller. Dkt. No. 8 at 7-9.

On November 21, 2013, defendant Miller filed a motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure. Dkt. No. 14. The court issued an order on September 15, 2014, granting defendant's motion unless, within thirty days of the date of the order, plaintiff submitted a *Peralta* waiver, relinquishing his claims challenging the duration of his confinement.[3] Dkt. No. 21. In accordance with the court's order, plaintiff filed the waiver on September 26, 2014. Dkt. No. 30.

---

[2] Despite being named in both the caption and the portion identifying parties, there are no factual allegations in plaintiff's complaint related to defendant Wood. *See generally* Dkt. No. 1.

[3] *See Peralta v. Vasquez*, 467 F.3d 98, 105 (2d Cir. 2006), *cert. denied sub nom.*, *Jones v. Peralta*, 551 U.S. 1145 (2007).

Defendant filed an answer to the complaint on November 6, 2014. Dkt. No. 34. On November 8, 2014, the court issued its pretrial discovery and scheduling order ("pretrial order"), which provided, *inter alia*, that the deadline for completion of discovery was May 8, 2015, and dispositive motions were due by July 7, 2015. Dkt. No. 35 at 5. Significantly, the pretrial order granted defendant leave to depose plaintiff upon providing him with at least fifteen days' notice. *Id.* at 4-5.

On April 2, 2015, defendant sent a written notice to plaintiff scheduling his deposition for April 24, 2015, at Clinton. Dkt. No. 47-1 at 6. Defendant made arrangements to acquire gate passes and reserve space at the prison to conduct the deposition. *Id.* at 2. When defendant's counsel and a court reporter arrived for the deposition on the appointed date, however, plaintiff refused to leave his cell, and defendant was therefore unable to depose him. *Id.* at 2-3, 14-15. The corrections officer who was dispatched to accompany the plaintiff to his deposition testified that when he gave Deliser an order to present himself for deposition he refused, stating "'he's got nothing to say to those people.'" *Id.* at 14.

Based upon plaintiff's refusal to appear for the scheduled deposition, defendant has moved to dismiss his complaint pursuant to Rule 41 of the Federal Rules of Civil Procedure on May 8, 2015. Dkt. No. 46. The motion,

to which plaintiff has failed to respond, has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3. *See* Fed R. Civ. P. 72(b).

III. DISCUSSION

    A. Plaintiff's Failure to Respond to Defendant's Motion

As a threshold matter, the court must determine the significance, if any, of plaintiff's failure to oppose defendant's motion. The court's local rules provide, in relevant part, as follows:

> Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.

N.D.N.Y. L.R. 7.1(b)(3); *see also Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014) (holding that the district courts may enter summary judgment in favor of the moving party where the non-moving party fails to respond in opposition, but not without first "ensur[ing] that each statement of material fact is support by record evidence sufficient to satisfy the movant's burden of production" and "determin[ing] whether the legal theory of the motion is sound"). In this case, plaintiff has not responded to defendant's

6

motion. The motion was properly filed by the defendant, who, through his motion, has met his burden of demonstrating entitlement to the relief requested. With respect to the question of whether defendant has met his burden, I note that his "burden of persuasion is lightened such that, in order to succeed, his motion need only be 'facially meritorious.'" *See Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *1 (Scullin, J., *adopting report and recommendation by* Lowe, M.J.) (finding that whether a movant has met its burden to demonstrate entitlement to a dismissal under local rule 7.1(b)(3) "is a more limited endeavor than a review of a contested motion to dismiss" (citing cases)).[4]

Because defendant Miller has accurately cited both proper legal authority and record evidence supporting the grounds upon which his motion is based, and plaintiff has failed to respond in opposition to the motion to dismiss, I find that defendant's motion is facially meritorious, and I recommend that the court grant defendant's motion on this basis. *Jackson*, 766 F.3d at 194.

---

[4] Copies of all unreported decisions cited in this document have been appended for the convenience of the *pro se* plaintiff.

B. Merits of Defendant Miller's Motion

Notwithstanding my recommendation that plaintiff's complaint he dismissed based on his failure to respond to defendant's motion, I will nonetheless address the merits of the motion, which implicates both Rules 37 and 41 of the Federal Rules of Civil Procedure.[5]

Rule 37(b) offers a range of available sanctions to a court in the event of a failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2); *S.E.C. v. Razmilovic*, 738 F.3d 14, 24 (2d Cir. 2013). In addition, Rule 37(d) permits the court to issue appropriate sanctions based upon the failure of a party to appear for its own deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i); see *Dixon v. Albany Cty. Bd. of Elections*, No. 09-CV-0502, 2010 WL 1171225, at *2 (N.D.N.Y. Feb. 18, 2010) (Homer, M.J.), *report and recommendation adopted by* 2010 WL 1171483 (N.D.N.Y. Mar. 22, 2010) (Sharpe, J.), ("Rule 37(d) authorizes the same range of sanctions [offered in Rule 37(b)] against a party for failing to attend his her deposition.").

The most severe of the sanctions permitted under Rule 37 to be issued against a disobedient party is the dismissal of a plaintiff's complaint

---

[5] Although defendant's motion invokes only Rule 41, plaintiff's conduct is also sanctionable under Rule 37. Accordingly, I will address both provisions.

or entry of a defendant's default. Fed. Civ. P. Rule 37(b)(2)(A)(v); *Razmilovic*, 738 F.3d at 24. Such a penalty, however, should be ordered "only when the district judge has considered lesser alternatives." *S. New England Tel. Co. v. Global NAPs Inc.* ("*SNET*"), 624 F.3d 123, 144 (2d Cir. 2010). In *SNET*, the Second Circuit advised as follows concerning the imposition of sanctions:

> [S]everal factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance.

*SNET*, 624 F.3d at 144 (quotation marks and alterations omitted). District courts have "wide discretion in imposing sanctions under rule 37," and the factors listed above are not exclusive. *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007); *accord, Razmilovic*, 738 F.3d at 25.

In this instance, plaintiff failed to comply with the court's pretrial discovery order, requiring him to submit to a deposition pursuant to a notice mailed to him at least fifteen days prior to the scheduled deposition. Dkt. No. 35 at 4-5; Dkt. No. 47-1 at 3, 6. On April 2, 2015, defendant mailed plaintiff a notice of advising that his deposition was scheduled for April 24, 2015. Dkt.

47-1 at 6. Because plaintiff had more than fifteen days' notice and did not otherwise oppose the notice or seek an adjournment with the court, he was required to submit to the deposition. When defendant's counsel arrived at Clinton to conduct the deposition, however, plaintiff refused to leave his cell. Dkt. No. 47-1 at 2, 14-15. The court's pretrial order specifically warned plaintiff that "[t]he failure of the plaintiff(s) to attend, be sworn, and answer appropriate questions [at a properly notice deposition] may result in sanctions, including dismissal of the action pursuant to Fed. R. Civ. P. 37." Dkt. No. 35 at 5. Based on these circumstances, Rule 37 authorizes the issuance of sanctions against plaintiff, which could include dismissal of the action.

Complimenting Rule 37 in circumstances such as those now presented, Rule 41(b) authorizes a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Baptiste*,

768 F.3d at 216-17 (reiterating that dismissals pursuant to Rule 41(b) "are 'the harshest of sanctions'" (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d. Cir. 2013))).

A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of five specific factors, including (1) the duration of plaintiff's failure to comply with court orders, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216; *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (applying factors in a failure to prosecute action); *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (applying factors where a party failed to comply with order of court). "No single factor is generally dispositive." *Nita v. Conn. Dep't. of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). I have carefully evaluated these five relevant factors in the context of this case and find that they weigh decidedly in favor of dismissal.

This matter has been pending for over two years and arises from events that occurred more than four years ago. It is quite likely that

memories of the events in question have faded, relevant documents have been discarded, and potential witnesses have become unavailable. *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade."). Plaintiff was adequately warned of the consequences of his failure to appear for a deposition by the court's pretrial order and defendant's notice of deposition. Dkt. No. 35 at 5; Dkt. No. 47-1 at 6. Given plaintiff's failure to attend his deposition, combined with the fact that he did not respond to the defendant's motion, I find that the need to alleviate congestion on the court's docket outweighs his right to receive a further chance to be heard in this matter.[6]

As required, I have considered less-drastic sanctions. For example, in light of plaintiff's IFP status, I find that issuing monetary sanctions, such as attorney's fees and costs associated with the failed deposition, would not be an effective remedy. In addition, an order reprimanding plaintiff for his conduct would likely be futile based on his history of ignoring court orders and failing to respond to motions. While courts in this circuit have a duty to extend special solicitude to *pro se* litigants like plaintiff, those litigants are

---

[6] According to the clerk of the court, as of December 31, 2014, the Northern District of New York had 2,158 civil cases pending. In addition, statistics compiled by the Administrative Office of the United States Courts reflect this district is a "congested" court that experiences an unusually high disposition time, especially in prisoner cases.

12

not excused from complying with court orders. *See McDonald v. Head of Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming the district court's dismissal of a *pro se* plaintiff's complaint due to the plaintiff's bad faith non-compliance with a court order.) Here, plaintiff's willingness to disobey court orders, inability to pay monetary sanctions, and failure to respond to defendant's motion to dismiss render the sanction of dismissal appropriate in this action.

III.     SUMMARY AND RECOMMENDATION

Through his actions, plaintiff has demonstrated both a disinterest in prosecuting this matter and a failure to cooperate with both defendant's counsel and the court so that this action can be fairly, efficiently, and timely adjudicated on its merits. Based upon plaintiff's failure to comply with the court's order and defendant's notice that he appear for his deposition in the face of explicit warnings that his failure to cooperate could result in dismissal of the complaint, as well as his failure to respond to defendant's motion to dismiss, I conclude that plaintiff's complaint should be dismissed. Accordingly, it is hereby respectfully

RECOMMENDED that defendant's motion to dismiss (Dkt. No. 46) be GRANTED and the plaintiff's complaint in this action be DISMISSED in its

entirety, with prejudice, based upon his failure to prosecute and to appear for his deposition in the action as required by court order.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: October 20, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

14